

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Ralph L. Buell, Chief
Driver's License Division
Department of Public Safety
Austin, Texas

March 18, 1939

Dear Sir:

Opinion No. O-21

Re: Trial for drunken driving; punish-
ment, $50.00 fine and costs, and
50 day jail sentence suspended.
After expiration of 50 days, new
trial granted and cause dismissed bu
fine and costs not remanded. Not
a final Conviction.

You advise that Daisy Knox was convicted by driving an
automobile while intoxicated. The punishment was fixed at a fine of
$50.00 and costs, and a jail sentence of 50 days, which jail sentence
was suspended. Data submitted with your letter indicate that after the
expiration of 50 days, upon motion of defendant, a new trial was granted
and the cause dismissed. The fine and costs which had been paid were
not remanded.

You request our opinion as to whether the above was a final
conviction such as to make it obligatory upon your department to suspend
her driver's license for a period of six months.

It has been held that suspended sentences may be given in
such cases, although the punishment is by fine and jail. Gordon v. State,
120 S.W. (2d) 1071. A man with a suspended sentence is under indictment.
Terrell v. State, 112 S.W. (2d) 734. However, he has not been finally
convicted, and the granting of a new trial and dismissal of the case is
proper if no conviction of a felony is suffered within the period of the
suspended sentence. Art. 780, C.C.P.

In the instant case the judgment was set aside and the
cause was dismissed. It is immaterial that the fine and costs were not
returned to the defendant. She was not finally convicted and your
question is answered in the negative.

Yours very truly
ATTORNEY GENERAL OF TEXAS

By s/Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:Niwc

APPROVED
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS